UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARRELL G. YOUNG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　Defendant. | CASE NO.　C07-5469RBL-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for June 20, 2008 |

Plaintiff, Darrell G. Young, has brought this matter for judicial review of the denial of his applications for disability insurance and supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Honorable Ronald B. Leighton's review.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff currently is 61 years old.[1] Tr. 32. He has a general equivalency diploma and past work experience as a drywall worker. Tr. 17, 48, 350-51.

On January 26, 2004, plaintiff filed applications for disability insurance and SSI benefits, alleging

---

[1] Plaintiff's date of birth has been redacted in accordance with the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
Page - 1

disability as of January 5, 2003, due to back problems, nerve damage, left leg and hip pains, irritable bowel syndrome, and high blood pressure. Tr. 14, 32, 42-44, 47.  His applications were denied initially and on reconsideration. Tr. 32-34, 40.  A hearing was held before an administrative law judge ("ALJ") on December 6, 2006, at which plaintiff, represented by counsel, appeared and testified. Tr. 344-54.

On February 14, 2007, the ALJ issued a decision, determining plaintiff to be not disabled, finding specifically in relevant part:

(1) at step one of the sequential disability evaluation process,[2] plaintiff had not engaged in substantial gainful activity since his alleged onset date of disability;

(2) at step two, plaintiff had "severe" impairments consisting of lumbar degenerative disc disease and a mild left lateral femoral cutaneous entrapment syndrome;

(3) at step three, none of plaintiff's impairments met or equaled the criteria of any of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) at step four, from his alleged onset date of disability to June 2005, plaintiff had the residual functional capacity to perform medium work, which did not preclude him from performing his past relevant work during that period, but beginning in June 2005, plaintiff had the residual functional capacity to perform light work, which did preclude him from performing his past relevant work from thereafter; and

(5) at step five, beginning in June 2005, based on his age, educational background, work experience, and exertional work capacity, plaintiff was disabled under 20 C.F.R. Part 404, Subpart P, Appendix 2, § 202.06.

Tr. 14-19. Plaintiff's request for review was denied by the Appeals Council on July 9, 2007, making the ALJ's decision the Commissioner's final decision. Tr. 5; 20 C.F.R. § 404.981, § 416.1481.

On September 7, 2007, plaintiff filed a complaint in this Court seeking review of the ALJ's decision. (Dkt. #1).  The administrative record was filed with the Court on November 26, 2007. (Dkt. #7). Specifically, plaintiff argues that decision should be reversed and remanded for an award of benefits based on his onset date of disability, January 5, 2003, because the ALJ erred in rejecting the opinion of David L. Deutsch, M.D., regarding his physical residual functional capacity.  The undersigned agrees the ALJ erred in determining plaintiff to be not disabled, but, for the reasons set forth below, recommends that while the ALJ's decision should be reversed, this matter should be remanded to the Commissioner for further

---

[2]The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.  If the claimant is found disabled or not disabled at any particular step, the disability determination is made at that step, and the sequential evaluation process ends. Id.

REPORT AND RECOMMENDATION
Page - 2

administrative proceedings.

## DISCUSSION

This Court must uphold the Commissioner's determination that plaintiff is not disabled if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 524-25 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Commissioner's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

I.   The ALJ Erred in Evaluating the Opinion of Dr. Deutsch

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Security Administration, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a

treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir.,2004); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

On April 19, 2004, David L. Deutsch, M.D., a non-examining consulting physician, completed a physical residual functional capacity assessment form, in which he found plaintiff capable of lifting and/or carrying 20 pounds occasionally and 10 pounds frequently, standing and/or walking about six hours in an eight-hour workday and sitting for about six hours in an eight-hour workday. Tr. 109. These capabilities essentially amount to the ability to perform light work.[3] In addition, Dr. Deutsch commented as follows:

> Claimant's allegations are inconsistent with the objective evidence. Although there is evidence of some DDD [degenerative disc disease] in his lumbar spine, his hips are

---

[3]Light work is defined as follows:

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b); see also Social Security Ruling ("SSR") 83-10 (full range of light work requires standing or walking, off and on, for total of approximately six hours of eight-hour workday).

REPORT AND RECOMMENDATION
Page - 4

1         normal with no tenderness around the hip.  Examination shows minimal limitations in
          ROM [range of motion] with no loss of strength.  Hypertension and IBS [irritable
2             bowel syndrome] have improved with medical intervention and medication.

3   Tr. 110; see also Tr. 112.  Dr. Deutsh further found plaintiff to be limited to only occasionally performing

4   the tasks of climbing, balancing, stooping, kneeling, crouching, and crawling. Id.

5           The ALJ addressed Dr. Deutsh's reported by stating that while he did consider it, and while "the

6   imaging studies" supported a finding that plaintiff had "some limitations in functioning," his "condition

7   did not restrict him to light work until June 2005." Tr. 17.  Accordingly, the ALJ stated that he was "not

8   entirely" adopting the findings contained therein.  Plaintiff argues these reasons do not form a sufficient

9   basis for not fully adopting those findings.  The undersigned agrees.

10           First, as noted by plaintiff, no other acceptable medical opinion source in the record has provided

11   an opinion that contradicts Dr. Deutsch's residual functional capacity assessment. See Gomez v. Chater,

12   74 F.3d 967, 970-71 (9th Cir. 1996); 20 C.F.R. § 404.1513(a), (d), § 416.913(a), (d) (sources such as

13   licensed physicians and licensed or certified psychologists are "acceptable medical sources").  Although

14   the record does contain another physical residual functional capacity assessment form, in which the

15   evaluator found plaintiff had no exertional limitations, that form was not completed by an acceptable

16   medical source, and as such, it is entitled to less weight. See Gomez, 74 F.3d at 970-71.  Indeed, the ALJ

17   expressly rejected it, finding, as noted above, that imaging studies revealed at least some limitations in

18   functioning.

19           The undersigned also agrees with plaintiff that the ALJ appeared to have improperly substituted his

20   own lay opinion for the medical opinion of Dr. Deutsh. See Gonzalez Perez v. Secretary of Health and

21   Human Services, 812 F.2d 747, 749 (1st Cir. 1987) (ALJ may not substitute own opinion for findings and

22   opinion of physician); McBrayer v. Secretary of Health and Human Services, 712 F.2d 795, 799 (2nd Cir.

23   1983) (ALJ cannot arbitrarily substitute own judgment for competent medical opinion); Gober v.

24   Mathews, 574 F.2d 772, 777 (3rd Cir. 1978) (ALJ not free to set own expertise against that of physician

25   who testified before him).  The ALJ failed to state on what basis, other than his own non-expert

26   interpretation, he found the imaging studies failed to support the functional limitations found by Dr.

27   Deutsch.

28           Citing to SSR 96-6p, 1996 WL 374180, defendant argues the opinion of a non-examining physician

REPORT AND RECOMMENDATION
Page - 5

1  can only be given weight insofar as it is supported by evidence in the record, considering such factors as
2  support in the medical evidence in the record as a whole. Id. at *2.  In this case, defendant further argues,
3  the ALJ did just that, finding Dr. Deutsh's opinion lacked such support.  Defendant, however, misses the
4  point.  The ALJ did not explain why he found the imaging studies did not support the findings provided by
5  Dr. Deutsch, who, as a medical expert, is far more qualified to interpret them.  While it is true the studies
6  obtained prior to June 2005, revealed mostly mild findings (see Tr. 177, 196-98), there is no indication in
7  the record that such findings cannot still support a limitation to light exertional activities.

8        Defendant engages in an analysis of the medical evidence in the record, which also seems to reveal
9  mostly fairly unremarkable objective findings (see Tr. 121, 206, 210-14, 220, 225, 235-36, 243, 307-09,
10 317), in support of the ALJ's findings here.  However, the ALJ himself did not engage in such analysis, or
11 if he did, he did not so indicate that analysis in his decision.  Defendant further argues the ALJ cited to
12 other evidence in the record that undermined the evidentiary support for the findings made by Dr. Deutsch,
13 namely the ALJ's determination that plaintiff was not entirely credible concerning his capabilities. The
14 ALJ's credibility determination, however, appears to be just that.  That is, the discussion in the decision of
15 plaintiff's credibility, though following directly on the ALJ's discussion of Dr. Deutsch's report, seems to
16 concern solely the issue of whether plaintiff's allegations of disability were valid, not whether plaintiff's
17 lack of credibility undermined the findings contained in the report.

18       The undersigned further agrees with plaintiff that Dr. Deutsch's report clearly indicates he was well
19 aware of the inconsistencies between plaintiff's claimed limitations and the objective medical evidence in
20 the record.  Thus, to the extent Dr. Deutsch did also take into consideration plaintiff's subjective reports,
21 he appears to have accounted for them in his opinion, regardless of what Dr. Deustch may or may not have
22 told Social Security Administration or other agency personnel. See, e.g., Tr. 322.  Further, again, even if
23 Dr. Deutsch did indicate some reliance on plaintiff's report of his activities of daily living in assessing his
24 residual functional capacity, the ALJ nowhere in his decision stated that he was basing his finding in
25 whole or part on this particular evidence.  Accordingly, while an ALJ certainly properly may disregard a
26 medical opinion premised on a claimant's complaints where the record supports the ALJ in discounting the
27 claimant's credibility, it does not appear the ALJ did so here. See Tonapetyan, 242 F.3d at 1149.
28 II.    This Matter Should Be Remanded for Further Administrative Proceedings

REPORT AND RECOMMENDATION
Page - 6

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues remain with respect to whether plaintiff is disabled or capable of performing other work existing in significant numbers in the national economy at step five of the sequential disability evaluation process, this matter should be remanded to the Commissioner for further administrative proceedings.

Plaintiff argues this matter should be reversed and remanded for an outright award of benefits for a period beginning with the alleged onset date of disability of January 5, 2003. However, it is not clear that the ALJ would be required to find plaintiff disabled prior to June 2005, or to find him disabled beginning on that date. For example, while the ALJ did err in rejecting Dr. Deutsch's report as he did, given that the objective medical evidence in the record prior to June 2005, is fairly unremarkable, that evidence does not definitively support the findings contained in that report. That is, the fact that the ALJ failed to properly explain the bases for his findings, does not mean that those bases are not there. Further clarification on the part of the ALJ is needed. Nor did Dr. Deutsch opine as to from what date he felt plaintiff was limited to performing light work. Thus, clarification of this issue is needed as well.

## CONCLUSION

Based on the foregoing discussion, the Court should find the ALJ improperly concluded plaintiff was not disabled, and should reverse the ALJ's decision and remand this matter to the Commissioner for further administrative proceedings in accordance with the findings contained herein.

REPORT AND RECOMMENDATION
Page - 7

1 | Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b),
2 | the parties shall have ten (10) days from service of this Report and Recommendation to file written
3 | objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those
4 | objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit
5 | imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **June 20, 2008**,
6 | as noted in the caption.

DATED this 27th day of May, 2008.

Karen L. Strombom
United States Magistrate Judge